UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ALEJANDRO ORTEGA,

                 Plaintiff,

-against-

2&5 LINE DELI GROCERY, INC. and ALI NAYIN,

                 Defendants.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 9/10/2024

22-CV-09170 (MMG)

**ORDER**

MARGARET M. GARNETT, United States District Judge:

      On September 4, 2024, Plaintiff's counsel submitted a letter alerting the Court to the fact that Defendant Alzubaidi failed to appear for a properly noticed deposition scheduled for August 30, 2024 at 10:00 a.m., a date and time that was agreed upon by both parties and memorialized in prior correspondence to the Court. *See* Dkt. No. 50. This failure to appear continued a long running pattern in this case of the flagrant unwillingness of Defendants to participate in any meaningful way in this case or to comply with even the most basic of deadlines and Court orders. *See, e.g.*, Dkt. Nos. 14, 22, 24, 31, 33, 34, 35, 41, 43.

      In Plaintiff's September 4, 2024 correspondence to the Court, Plaintiff requested that the Court preclude Defendant from offering any testimony or engaging in any additional discovery, and impose monetary sanctions on Defendant to cover the costs associated with the deposition at which Defendant failed to appear. *See* Dkt. No. 50. The Court subsequently ordered Defendant Alzubaidi to respond to Plaintiff's letter by no later than September 9, 2024, to explain his failure to appear at the deposition and cooperate with discovery, warned him that failure to do so would result in monetary sanctions, and ordered Defendant Alzubaidi to personally appear at the October 10, 2024 post-fact discovery conference scheduled in this matter. *See* Dkt. No. 51.

      On September 9, 2024, counsel for Defendants, Mr. Louis Chisari, submitted a letter informing the Court that, despite extensive attempts to communicate with his clients, all contact between him and the Defendants has broken down and he has no communication with Defendant Alzubaidi since his failure to appear at the scheduled deposition. *See* Dkt. No. 52. Mr. Chisari also sought leave to move to withdraw as counsel, due to this breakdown in communication. *See id*.

      Given the above course of events and the repeated failures by Defendants to comply with the Court's orders since the very beginning of this case, the following is HEREBY ORDERED:

      1.     Defendant Alzubaidi is HEREBY ORDERED to personally appear at the **October 10, 2024** conference in this matter, which will be held in person in Courtroom 906 of the Thurgood Marshall Courthouse, 40 Foley Square, New York, NY 10007 at 9:30 a.m. Defendant Alzubaidi should be aware that his failure to appear at the conference will result in monetary sanctions and other prejudices, such as a finding of civil contempt or an initiation of default proceedings against him. <u>This is Defendant Alzubaidi's last and final warning.</u>

2

      2.      Previously, this Court ordered counsel to submit letters in advance of any potential motions for summary judgment by no later than September 19, 2024.  That deadline is hereby CANCELLED.  Neither party shall file pre-summary judgment motion letters or move for summary judgment until after the October 10, 2024 conference and the motions discussed below are resolved.

      3.      By no later than **September 24, 2024**, counsel for Plaintiff is HEREBY ORDERED to submit papers in support of a motion for sanctions that shall include, at a minimum, affidavits and/or documentary records supporting any costs and fees that Plaintiff or Plaintiff's counsel has incurred throughout the duration of this case as a result of Defendants failure to adequately participate in this case.  Any such relief sought may include (but is not limited to) attorney's fees and costs associated with preparing the numerous letter motions filed in this case informing the Court as to Defendants' repeated failures to meet their discovery obligations in this matter, in preparing for and dealing with the fallout from the deposition at which Defendant Alzubaidi failed to appear, and attorney time spent preparing for conferences to discuss these issues.  To avoid Plaintiff from incurring any additional unnecessary costs, the motion for sanctions can be made by letter that attaches the above-discussed evidence in support.  Plaintiff's counsel shall serve all papers submitted in support of any motion for sanctions on Defendants by first class mail and/or electronically by no later than September 26, 2024, and shall file proof of service by no later than September 30, 2024.

      4.      By no later than **September 24, 2024**, counsel for Defendants is HEREBY ORDERED to submit papers in support of his motion to withdraw as counsel.  The motion to withdraw as counsel shall comply with S.D.N.Y. Local Rule 1.4 and shall include an affidavit from counsel chronicling a timeline of all the steps taken to communicate with Defendants and the means by which such attempts at communication were made (*e.g.*, by email, by letter, etc.).  Defendants' counsel shall serve all papers submitted in support of any motion to withdraw as counsel on Defendants by no later than September 26, 2024, and shall file proof of service by no later than September 30, 2024.

      5.      By no later than **September 13, 2024**, counsel for both parties are HEREBY ORDERED to serve this Order on Defendants by email (if available) and by first-class mail.  Counsel for both parties are ORDERED to file proof of service on the docket within 2 business days of the effectuation of such service.  Plaintiff's counsel may include any costs associated with service of this Order in its motion for sanctions, as discussed above.

      <u>The Court will not grant any extensions of the deadlines set forth in this Order absent extraordinary circumstances.</u>

Dated: September 10, 2024
       New York, New York

SO ORDERED.

MARGARET M. GARNETT
United States District Judge