Exhibit A

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

ALEJANDRO ORTEGA,                                          Index No.: 22-CV-09170
                                                                              (MMG)

                                      Plaintiff,

        -against-

2&5 LINE DELI GROCERY, INC. and Defendant
AZIZ SALEH ALZUBAIDI

                                      Defendant(s)
------------------------------------------------------------------X

## PROPOSED JOINT PRE-TRIAL ORDER

        The parties hereby submit this Proposed Joint Pretrial Order pursuant to the Electronic Order

of this Court dated June 23, 2025 and Rule 16 of the Federal Rules of Civil Procedure:

1.      **The full caption of the action:**

        The full caption correctly appears above.

2.      **The names, addresses (including firm names), telephone numbers, and email**

        **addresses of trial counsel.**

Plaintiff's Counsel:                                    Defendant(s) Counsel:

Lina Stillman, Esq.                                    Louis F. Chisari, Esq.
Stillman Legal, P.C.                                   Marcote & Associates, P.C.
42 Broadway, Suite 12th Floor                          3960 Merrick Road, 2nd Floor
New York, New York 10004                               Seaford, New York 11783
Telephone: (212) 203-2417                              Telephone: (516) 280-2281
LS@StillmanLegalPC.com                                 LCHISARI@marcotelaw.com

3.      **Jurisdiction:**

        Plaintiff:

        a.      This Court has subject matter jurisdiction under 28 U .S.C. § 1331 pursuant
                to claims asserted under the Fair Labor Standards Act of 1938, 29 U.S.C. §§
                201 et seq. ("FLSA"), and supplemental jurisdiction over Plaintiffs' state law

claims is conferred by 28 U.S.C. § 1367(a).

b.     Plaintiff maintains that this Court has jurisdiction over this action. The Plaintiff in this case is a covered employee as defined by the FLSA, and Defendants engage in interstate commerce. Defendants' gross volume of sales made or business done exceeds $500,000.00 annually, meeting the FLSA enterprise coverage threshold.

Defendant:

a.     Plaintiff asserts he has standing, as Courts in this Circuit have found "the standing requirements of Article III where such failure [to provide annual wage notices and weekly wage statements under New York Labor Laws 195(1) and 195(3)] prevented the plaintiff form determining his precise hours worked or pay received". Plaintiff assert that as a result of the failure of Defendants to provide the annual wage notices and weekly wage statements that Plaintiff was "unable to precisely determine their pay received and hours worked which burdened their ability to vindicate their rights under the federal and state labor laws".

b.     In the wake of the Supreme Court's decision in Trans Union, courts in this Circuit have held that a plaintiff lack of standing to bring wage and notice statement claims under NYLL absent any concrete, downstream consequences of the record keeping violations." *Chen v. Lilis 200 W. 57th Corp.*, No. 19-CV-7654 (VEC), 2023 WL 2388728, at \*8 (S.D.N.Y. Mar. 7, 2023).

4.     **Claims and Defenses:**

Plaintiff's Claims:

This is an action for money damages brought by Plaintiff Alejandro Ortega. Plaintiff brings this suit alleging minimum wage and overtime violations of the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 et seq. ("FLSA"), violations of the N.Y. Lab. Law §§ 190 et seq. and 650 et seq. (the "NYLL"), and the 'spread of hours' and overtime wage orders of the New York Commission of Labor codified at N.Y. Comp. Codes R. & Regs. tit. 12, § 142-2.4(a). Plaintiff seeks total damages of $193,020.00, consisting of: $91,510.00 in unpaid wages, $5,000.00 for NYLL recordkeeping

violations, $5,000.00 for NYLL notice violations, $91,510.00 in liquidated damages,

plus attorneys' fees and pre-judgment interest calculated at 9% totaling $25,029.86.

Plaintiffs assert the following claims, all of which remain to be tried.

1. **Violation of the Minimum Wage Provisions of the FLSA.**
   A. Plaintiff alleges that Defendants were his employers and willfully failed to pay him at the applicable hourly minimum wage rates over the course of their employment. 29 U.S.C. §§ 206,216, 255(a).

2. **Violation of the Overtime Wage provisions of the FLSA.**
   B. Plaintiff alleges that Defendants were his employers and willfully failed to pay him overtime at 1.5 times their regular rate for hours above 40 worked in a week. 29 U.S.C. §§207(a), 215, 255.

3. **Violation of the New York Minimum Wage Provisions.**
   C. Plaintiff alleges that Defendants were his employers and willfully failed to pay him the applicable hourly minimum wage rate. NYLL §§652(1), 663.

4. **Violation of the New York Overtime Provisions.**
   D. Plaintiff alleges that Defendants were his employers and willfully failed to pay him overtime at 1.5 times their regular rate for hours above 40 worked in a week. 12 N.Y.C.R.R. § 146-1.4

5. **Violation of the New York Spread of Hours Provisions.**
   E. Plaintiff alleges that Defendants were his employers and willfully failed to pay him an additional hour's pay for each day that the interval between the beginning and end of his workdays was more than ten hours. 12 NYCRR § 142-2.4.

Defenses:

The Defendant(s) intend to raise a 'Statute of Limitations defense based upon the

Plaintiff's own documentary evidence that his employment terminated in the summer

of 2020. That this action for a violation of Fair Labor Standards Act of 1938, 29

U.S.C. §§ 201 et seq. ("FLSA"), was commenced more than two (2) year after the

Plaintiff's alleged termination of his employement.

Furthermore, the Defendant(s) reserve their rights to assert any other applicble defense as asserted in the 'Amended Answer'.

5.  **Jury or Bench Trial:**

Plaintiff's Statement:
This matter will be tried before a jury and is anticipated to take 2 days. The parties expressly acknowledge that they have not waived their right to a jury trial under Fed. R. Civ. P. 38..

Defendants' Statement:
Defendants estimate needing 1-2 days for their case (Arabic Interpreter will be needed).

6.  **Consent to Trial bv Magistrate Judge:**

The parties have not consented to trial by a Magistrate Judge.

7.  **Stipulations or agreed statements of fact or law which have been agreed to by all.**

1.  The Plaintiff filed this present action in the United States District Court in the Southern District of New York on October 26, 2022. The first amended complaint was filed on April 29, 2024.

2.  The Defendant(s) were timely served with the Amended Complaint.

3.  Plaintiff is a former employee of Defendants 2&5 Line Deli Grocery, Inc.

4.  2&5 Line Deli Grocery, Inc. is a retail grocery business.

5.  2&5 Line Deli Grocery, Inc. is a domestic corporation organized and existing nnder the laws of the state of New York.

6.  This Court has subject matter jurisdiction for Plaintiffs' claims under 28 U.S.C. § 1331 pursuant to claims asserted under the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201 et seq. ("FLSA").

7.    Plaintiffs' claims arising under New York law are so related to the FLSA claims that they form part of the same case or controversy, and are therefore within the supplemental jurisdiction of the court. 28 U.S.C. § 1367.

8.    From July 24, 2009, through the present, the minimum wage rate pursuant o the Fair Labor Standards Act was $7.25 per hour. 29 U.S.C. § 206(a).

9.    From January I, 2006, through January I, 2007, the minimum wage rate ursuant to the New York Labor Law was $6.75. From January I, 2007, through July 24, 2009, the minimum wage rate pursuant to the New York Labor Law was $7.15. From July 24, 2009, through December 31, 2013, the minimum wage rate pursuant to the New York Labor Law was $7.25. N.Y. Labor law§ 652; N.Y. Comp. Code R. & Regs. tit. 12, § 142-2.2.l(a) (2013).

10.    The statute of limitations for FLSA actions is two years, or three in cases of"willful" violations. 29 U.S.C. §255.

11.    The statute oflimitations under the New York Labor Law is six years.

12.    Under both federal and New York state law, an employee must be paid a minimum wage. 29 U.S.C. §206; N.Y. Lab. Law §652.

13.    Under both federal and New York state law, an employee must be paid at the rate of one and a half times the employee's regular hourly rate for each hour the employee works in excess of 40 hours in a given workweek. 29 U.S.C. § 207(2)(C); 12 N.Y. Comp. Codes R. & Regs. tit. 12, § 142-2.2 (2013).

14.    Overtime pay under the FLSA is calculated by applying a multiplier of oneand one half to an employee's "regular rate" of pay. 29 C.F.R. § 778.107; 29 U.S.C. § 207(a)(l).

15. Separate from any other regular or overtime wages, when an employee works more than 10 hours on any given day, the employee is entitled to receive "spread of hours" pay, which is an additional one-hour's pay at the applicable minimum wage rate. 12 NYCRR § 142-2.4(a) (2009).

8. **A statement by each party as to the witnesses whose testimony is to be offered in its case in chief with a brief narrative statement of the expected testimony of each witness:**

Plaintiff's Witnesses:
1) Plaintiff, Alejandro Ortega,
   Witness will testify as to his employment with Defendants, including his job responsibilities, hours worked, pay received, and Defendants' policies.
2) Aide Degante,
   Witnesses will testify as to Mr. Ortega's schedule, pay and hours.

Plaintiff reserves the right to call records custodians and any other witnesses necessary to authenticate or otl1erwise lay the foundation for admission of any evidence, including but not limited to business records, electronic records, and employment records. The parties shall meet and confer regarding potential stipulations to authenticity of business records at least 21 days before trial, with any disputes to be raised with the Court no later than 14 days before trial. Plaintiffs reserve the right to call additional witnesses to rebut defendants' witnesses' testimony, and to use deposition testimony in accordance with the Federal Rules of Evidence and Federal Rules of Civil Procedure.

The plaintiff will testify through a certified Spanish language interpreter. Plaintiffs counsel will arrange for a court-certified Spanish interpreter to be present for all trial testimony. The interpreter's qualifications will be provided to opposing

counsel at least 14 days before trial.

Defendant(s)' Witnesses:

In addition to the parties and the persons named by plaintiff as witnesses, whom

Defendants reserve the right to call as witnesses regardless of whether or not called

by Plaintiff, defendants intend to call the following persons as witnesses:

a)      AZIZ SALEH ALZUBAIDI, Defendant
        Witness will testify as to the Plaintiff's employment with Defendant,
        including his job responsibilities, hours worked, pay received, and
        Defendants' policies.
b)      TAREK ALZUBIDI
        Witness will testify as to the Plaintiff's employment with Defendant,
        including his job responsibilities, hours worked, pay received, and
        Defendants' policies.

Defendant(s) reserves the right to call records custodians and any other

witnesses necessary to authenticate or otl1erwise lay the foundation for admission of

any evidence, including but not limited to business records, electronic records, and

employment records. The parties shall meet and confer regarding potential

stipulations to authenticity of business records at least 21 days before trial, with any

disputes to be raised with the Court no later than 14 days before trial. Plaintiffs

reserve the right to call additional witnesses to rebut defendants' witnesses' testimony,

and to use deposition testimony in accordance with the Federal Rules of Evidence

and Federal Rules of Civil Procedure.

The Defendant(s) will testify through a certified Arabic language interpreter.

9.      **Deposition Testimony**:

The parties do not intend to offer deposition testimony in place of live testimony at

trial.

10.     **Exhibits:**

A list by each party of exhibits to be offered in its case in chief. The

opposingparty must indicate what exhibits it objects to and the nature of the objection (e.g.,"authenticity," "hearsay," "Rule 403"). Any objection not listed shall be deemed waived. The schedule will also include possible impeachment documents and/or exhibits, as well as exhibits that will be offered only on rebuttal. Parties are expected to resolve all issues of authenticity, chain of custody, and related grounds before trial. Meritless objections based on these grounds may result in the imposition of sanctions. Only exhibits listed will be received in evidence, except for good cause shown.

Plaintiff's Exhibits:

1)  Answer to Complaint (For Impeachment Purposes)
2)  Defendants' Responses to Plaintiffs' Interrogatories (For Impeachment Purposes)
3)  AUDIO-2023-03-24-17-36-45-Audios of Plaintiff with Manager
4)  AUDIO-2023-03-24-17-37-08-Audios of Plaintiff with Manager
5)  Deposition Transcript of Aziz Saleh Alzubaidi for Impeachment Purposes
6)  Deposition Transcript of Tarek Alzubaidi for Impeachment Purposes
7)  Photos 1-6 Showing Plaintiff at Defendant's Business
8)  Letter signed by "Ali Nayin"

Defendant(s)' Exhibits:

1)  Letter signed by "Ali Nayin"

11. **Statement o(Damages (Subiect to Amendment Based on Evidence at Trial)**:

A.   Minimum Wage and Overtime Damages:

The Plaintiff maintains that Defendants are jointly and severally liable for unpaid minimum wage and overtime wage damages as follows:

1.   he damages are calculated based on Plaintiff's 60-hour work weeks from September 15, 2015 through September 15, 2021 (excluding March 16, 2020 through May 14, 2020). The calculation determines the pay Plaintiff would have received each week at the applicable minimum wage rates for regular

hours ( 40 hours) and overtime hours (20 hours at 1.5x rate), less the $600.00 weekly amount actually paid. The underpayment ranges from $100.00 to $450.00 per week based on the applicable minimum wage rates during different periods. The total unpaid wages amount to $91,510.00, with additional statutory violations for NYLL Recordkeeping ($5,000.00) and NYLL Notice Violation ($5,000.00), plus applicable liquidated damages of $91,510.00, for a total of $193,020.00 before prejudgment interest of $25,029.86.

B.      Liquidated Damages:

The Plaintiff maintains the Defendants are liable for liquidated damages as follows:

1.      100% for all dates as per NYLL § 198(1-a). These liquidated damages shall apply to all wage violations including minimum wage, overtime, and spread of hours violations.

C.      Unpaid Spread of Hours Wages Under the New York Labor Law:

The Plaintiff maintains the Defendants are liable for spread of hours damages as follows:

1.      Spread of hours damages from September 15, 2015 through September 15, 2021 (excluding March 16, 2020 through May 14, 2020) are calculated by multiplying the applicable minimum wage rate at the time of the violations by one additional hour of pay for each day that Plaintiff worked a spread of hours of more than ten (10) hours in a single workday, as required by 12 NYCRR § 142-2.4. The applicable minimum wage rates and periods were: $8.75 (9/15/15-12/31/15, 15 weeks), $9.00 (l/1/16-12/31/16, 52 weeks), $11.00 (l/1/17- 12/31/17, 52 weeks), $13.00 (l/1/18-12/31/18, 52 weeks), $15.00 (l/1/19-12/31/19, 52 weeks), $15.00 (1/1/20-3/15/20, 11 weeks), and

$15.00 (5/15/20-9/15/21, 70 weeks).

D.    Liquidated Damages on Unpaid Spread of Hours Wages Under the New York

Labor Law

The Plaintiff maintains the Defendants are jointly and severally liable for spread of

hours liquidated damages, pursuant to New York Labor Law § 650 et seq., §

198(1-a), 12 NYCRR § 142-2.4, and associated regulations, as follows:

1.    Alejandro Ortega: $91,510.00 in unpaid wages, plus $25,029.86 in

prejudgment interest calculated at 9% per annum

2.    Liquidated damages on spread of hours violations are calculated as I 00% of

the spread of hours damages, and separately, prejudgment interest at the

statutory rate of 9% per annum from the date each violation occurred until the

date of payment. The total damages including all violations, liquidated

damages, and prejudgment interest amount to $218,049.86.

**IT IS ORDERED** that the Pretrial Order may be modified at the time of trial of the action,

or prior thereto, to prevent manifest injustice or for good cause shown. Such modification may be

made either on application of counsel for the parties or on motion of the Court.

Dated: _____, ___ 2025
            New York, New York

SO ORDERED:

_____
MARGARET M. GARNETT
United States District Judge

# UNITED STATES DISTRICT COURT
## for the
# SOUTHERN DISTRICT OF NEW YORK

### INDEX NUMBER: 22-CV-09170

---

ALEJANDRO ORTEGA

-against-

2&5 LINE DELI GROCERY, INC and Defendant AZIZ SALEH ALZUBAIDI

---

# 'PROPOSED JOINT PRE-TRIAL ORDER'

---

## MARCOTE ASSOCIATES, P.C.
*Attorney and Counselors at Law*
Attorneys for Defendant(s):
2&5 LINE DELI GROCERY, INC and AZIZ SALEH ALZUBAIDI
3960 MERRICK ROAD, 2nd FLOOR
SEAFORD, NEW YORK 11783
PHONE:(516) 280-2281
FAX:   (516) 280-2283

---